FILED

December 9, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 2:40 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Taquisha Hilliard,<br>            Employee,<br><br>v.<br><br>Federal Express,<br>            Employer,<br>And<br>Indemnity Ins. Co. of North America,<br>            Insurance Carrier. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.: 2015-08-0136<br><br>State File Number: 7770-2015<br><br>Judge Jim Umsted |

## EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the employee, Taquisha Hilliard, pursuant to Tennessee Code Annotated section 50-6-239 (2014). Ms. Hilliard seeks medical and temporary disability benefits for an alleged injury to her right leg. The employer, Federal Express (FedEx), denied compensability of Ms. Hilliard's injury. The central legal issues are whether Ms. Hilliard provided adequate notice of her alleged injury to FedEx and whether the alleged injury causally relates to Ms. Hilliard's employment. For the reasons set forth below, the Court finds that Ms. Hilliard is not entitled to the requested benefits.[1]

### History of Claim

Ms. Hilliard is a thirty-year-old resident of Shelby County, Tennessee. She allegedly sustained a right knee injury on or about November 25, 2014,[2] while walking up stairs at work. According to Ms. Hilliard, she immediately reported her injury to her supervisor. However, FedEx refuted this contention.

Ms. Hilliard treated conservatively on her own at Christ Community Health

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

[2] Ms. Hilliard testified that she sustained an acute injury to her right knee but could not give a specific date of injury. The Employer's First Report of Work Injury listed the date of injury as November 25, 2014, which corresponds to the history Ms. Hilliard provided to FedEx Corporate Safety on January 24, 2015.

Services (CCHS) and Methodist South Physical Therapy from August 12, 2014, to October 2, 2014. Medical records from these providers indicated Ms. Hilliard did not provide a history of any specific injury. On or about January 24, 2015, she advised FedEx that she continued to have pain in her right leg due to an injury she sustained "before Thanksgiving 2014." Ms. Hilliard presented to the onsite clinic and received conservative treatment. She also received a panel of physicians from FedEx, from which she chose to treat with Concentra Medical Center.

FedEx authorized one visit with Concentra on January 27, 2015. During that visit, Ms. Hilliard advised her medical provider, Dr. John Goodfred, that she constantly walked narrow stairs during her shifts at work and had developed right knee pain. She could not provide a specific date of injury, but she did mention a fall at work in October that she thought might have caused her pain. She also told Dr. Goodfred she worked as a leasing consultant at an apartment complex, which involved showing people around the complex. Dr. Goodfred opined there was not enough evidence to show that Ms. Hilliard's current complaints related to her job at FedEx. Therefore, he instructed Ms. Hilliard to follow up with her primary care physician or private orthopedic specialist as needed. Based on Dr. Goodfred's opinion, FedEx denied the claim.

Ms. Hilliard filed a Petition for Benefit Determination seeking medical benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Ms. Hilliard filed a Request for Expedited Hearing, and this Court heard the matter on December 7, 2015. At the Expedited Hearing, Ms. Hilliard asserted she sustained a job-related injury, gave proper notice, and her claim should be deemed compensable. FedEx countered that Ms. Hilliard failed to give adequate notice of her injury as required by statute and failed to prove her injury primarily arose out of her employment. As such, FedEx argued her claim should be denied.

**Findings of Fact and Conclusions of Law**

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[3] *Scott v. Integrity Staffing*

---

[3] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

*Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

Ms. Hilliard provided the only live testimony in this matter. She testified she injured her knee on a stairway at FedEx and first sought treatment at CCHS on August 12, 2014. However, the history reported to CCHS indicated no specific injury or work accident. Ms. Hilliard continued treating on her own with physical therapy at Methodist South and provided no history of an acute work injury. On or about January 24, 2015, Ms. Hilliard complained of her injury to FedEx, and FedEx offered her a panel of physicians from which she selected Concentra. The authorized treating physician at Concentra, Dr. John Goodfred, opined there was not enough evidence to show that Ms. Hilliard's current complaints related to her job at FedEx.

For injuries on or after July 1, 2014, an employee must show that she suffered an accidental injury caused by an incident, or specific set of incidents, arising primarily out of and in the course and scope of employment, and identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(13)(A) (2014). "Arising primarily out of and in the course and scope of employment" requires a showing, to a reasonable degree of medical certainty, that the injury causing disablement or the need for medical treatment contributed more than 50% considering all causes. Tenn. Code Ann. § 50-6-102(13)(C) (2014). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes. Tenn. Code Ann. § 50-6-102(13)(D) (2014). The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians pursuant to Tennessee Code Annotated section 50-6-204(a)(3) (2014), shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence. Tenn. Code Ann. § 50-6-102(13)(E) (2014).

Based on the evidence presented in this case, Ms. Hilliard has not come forward with sufficient evidence from which this Court can conclude she is likely to prevail at a hearing on the merits. Therefore, her request for medical benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Hilliard's claim against FedEx and its workers' compensation carrier for the requested medical benefits is denied at this time.

3

2. This matter is set for an Initial (Scheduling) Hearing on January 20, 2016, at 10:30 a.m. Central time.

**ENTERED this the 9th day of December, 2015.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board

4

will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:
1. Affidavit of Taquisha Hilliard;
2. Form C-20 Employer's First Report of Work Injury or Illness;
3. Form C-41 Wage Statement;
4. Form C-42 Agreement Between Employer/Employee Choice of Physician;
5. Denial letter dated April 13, 2015;
6. Medical bill from Methodist South Hospital dated June 4, 2015;
7. Cigna Explanation of Benefits form for dates of service between September 12, 2014, and October 2, 2014;
8. Work status slip from Concentra Airways dated January 27, 2015; and
9. Medical records:
   - Christ Community Health Services – Doctor's excuse dated August 12, 2014
   - Christ Community Health Services – August 26, 2014
   - Methodist South – Physical Therapy notes dated September 12, 2014 through October 2, 2014
   - FedEx Corporate Safety – January 24, 2015
   - Concentra Airways – January 27, 2015.

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice, filed on July 9, 2015
3. Request for Expedited Hearing
4. Ms. Hilliard's position statement of April 24, 2015
5. Dispute Certification Notice, dated June 1, 2015, supplied by attorney Jonathan May

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 9th day of December, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Taquisha Hilliard, Employee | | | x | taquisha01@gmail.com |
| Jonathan May, Employer's Counsel | | | x | jmay@lewisthomason.com |

Penny Shrum, Clerk of Court
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

7